**Petition for Writ of Mandamus Denied and Memorandum Majority and Dissenting Opinions filed September 14, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-21-00387-CR

### IN RE KENNETH RAY SOWELL, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1007515**

### MEMORANDUM DISSENTING OPINION

Here we go again with imposing "extra rules" on people who are incarcerated. Once again this court denies mandamus relief to an incarcerated person based on the erroneous notion that in criminal cases, motions—other than motions for new trial—must in effect be *presented* to the trial court, not merely *filed. See In re Gomez*, 602 S.W.3d 71, 74–75 (Tex. App.—Houston [14th Dist.] 2019) (orig. proceeding)

(Spain, J., concurring); *In re Pete*, 589 S.W.3d 320, 323–324 (Tex. App.—Houston [14th Dist.] 2019) (orig. proceeding) (Spain, J., concurring).

Here, relator includes two Domestic Return Receipt PS Form 3811 ("green cards") that are properly addressed to the Harris County District Clerk (both the street address and post office box) and were returned with signatures. What else is relator supposed to do? He is a prisoner at the Texas Department of Criminal Justice's W. J. "Jim" Estelle Unit.



We could give relator notice that his original proceeding does not comply with Texas Rules of Appellate Procedure 52.3(j) (certification); (k)(1) necessary contents of appendix; 52.7(a)(1) (certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding), (a)(2) (properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or statement that no testimony was adduced in connection with the matter complained). We could notify relator there is no record supporting his claim that the jury made an affirmative finding on use of a deadly weapon, giving relator a reasonable time to cure and informing him that we will dismiss this original proceeding if he does not. *See In re Kholaif*, 624 S.W.3d 228, 231–32 (order), *mand. dism'd*, 615 S.W.3d 369 (Tex. App.—Houston [14th Dist.] 2020) (orig. proceeding).

But instead of giving relator notice and an opportunity to cure, the court uses the "extra rules" to make this original proceeding go away. This is wrong, and I dissent.


/s/    Charles A. Spain
       Justice

Panel consists of Justices Wise, Jewell, and Spain (Spain, J., dissenting).
Do Not Publish — Tex. R. App. P. 47.2(b).